{¶ 20} I agree with the majority decision to affirm the arrearage calculation based on the original child support obligation. I write separately to emphasize that my decision is based on the specific circumstances of this case.
 {¶ 21} The trial court's April 12, 1991 judgment entry states in pertinent part: "Interim C.S. order continued. * * * This matter to be reviewed within four months. Counsel to set date through assignment office." As the majority opinion notes, no further court action followed as to modification of support.
 {¶ 22} Ordinarily, I would apply the rule that where two prior judgments conflict, the last in point of time controls. However, this Court has indicated (albeit prior to the mandatory support guideline era following Marker v. Grimm) that a domestic relations court is vested with jurisdiction to order a temporary post-decree modification of child support pending resolution of the matter. See Christie v. Christie (Sept. 4, 1990), Stark App. No. CA-8052. The trial court seemingly recognized this principle by holding that "[t]he April 12, 1991, Judgment Entry merely reduced the monthly amount to be paid in light of Dennis Strong being unemployed without modifying the underlying order." Magistrate's Decision, December 15, 2004, at 1. I would add that the April 12, 1991 judgment entry also clearly indicates the trial court's intent to limit this temporary easing of appellant's payment duty to no more than four months, with the expectation of pending review. Under such circumstances, and absent any follow-up by either side prior to the expiration of the four-month period, I find no abuse of discretion in the trial court's decision that the underlying child support order had thus remained in force.